IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PATRICIA MCLEAD AND PATRICK MCLEAD, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF GARRETT MCLEAD, DECEASED; ET AL. Plaintiffs | § § § § § § | |
| v. | § § | CIVIL ACTION NO. C-08-264 |
| L-3 COMMUNICATIONS VERTEX AEROSPACE, LLC Defendant | § § § § | |

AGREED AMENDED PROTECTIVE ORDER

It has come to the attention of the parties and the Court that the U.S. Army has both national security and privacy concerns regarding the disclosure of information regarding the crash of UH 60-L, Tail No. 06-27077. To expedite the production of documents relevant to this litigation, the Court hereby amends the Agreed Protective Order previously entered on December 22, 2008 to include paragraphs 9 and 10:

The Court hereby orders:

1.   That all documents and identities produced for this case by the U.S. Army, any of its units, or by the parties themselves be used only for this litigation;

2.   That any documentation, including depositions, that contain the identities or locations of any Army units or individuals, be maintained under seal;

3.   That all documents or records designated by the U.S. Army as containing sensitive information be maintained under seal;

4. That the personnel records, autopsy reports and photographs of the victims of this accident contain potentially relevant and material information and should be produced subject to this Agreed Protective Order;

5. That social security numbers of any victim, witness or other person identified in this litigation need not be disclosed;

6. That any documentation maintained by plaintiffs or defendants potentially relevant to this litigation is to be produced subject to this Agreed Protective Order, and if the U.S. Army designates any documentation produced by the parties as sensitive information, it shall be maintained under seal;

7. That the parties work with the U.S. Army and the personnel it identifies to minimize the inconvenience and/or risk to those individuals in obtaining the information they possess regarding this crash, through deposition or otherwise; and

8. That the parties, their attorneys, experts, investigators and all other personnel connected to this litigation do not disclose to anyone not involved in this litigation the identities of or information provided by anyone disclosed, or the contents of any documents or computer records provided, other than as necessary for the litigation itself.

9. That the U.S. Army is ordered to produce all requested documents without redacting the initials, names, or whole or partial social security numbers of persons identified in the requested documents; and

10. That the parties, their attorneys, experts and all other personnel connected to this litigation not disclose the whole or partial social security numbers or initials of anyone identified in the requested documents to anyone not involved in this

State Bar No. 09010000
WILLIAM O. WHITEHURST (Of counsel)
State Bar No. 00000061
So. District Bar No. 20198
EUGENE W. BREES, II (Of counsel)
State Bar No. 02947500
So. District Bar No. 12638
CRAIG W. CARLSON (Of counsel)
State Bar No. 00792039
KATHRYN SNAPKA (Of counsel)
State Bar No. 18781200
So. District Bar No. 1617

ATTORNEYS FOR PLAINTIFFS

-and-

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, North Carolina 27102
336/721-3656
336/733-8418 facsimile
336/407-9892

HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
800 North Shoreline Boulevard
Suite 2000, North Tower
Corpus Christi, Texas 78401
361/866-8000
361/866-8039 Facsimile


By: /s/ Jack Strauch
    DARRELL L. BARGER
    State Bar No. 01733800
    Southern District No. 646
    JACK M. STRAUCH PRO HAC VICE

ATTORNEYS FOR DEFENDANT

litigation. That the parties and their attorneys are ordered to redact any social security information from any documents before offering them into evidence.

This Order extends to those items listed in Attachment A (Joint Request for information, dated October 9, 2008) and to any other information provided by the U.S. Army or personnel affiliated with it. This Order does not apply to any classified information, nor does it waive any other privilege(s) that the U.S. Army may have.

Ordered this 18th day of February, 2009.

_____
JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

AGREED:

WHITEHURST, HARKNESS, BREES,
CHENG & IMHOFF, P.C.
5113 Southwest Parkway, Ste. 150
Austin, Texas 78735
512/476-4346
512/476-4400 facsimile

THE CARLSON LAW FIRM, P.C.
400 W. Jasper Road
Killeen, Texas 76542
254/526-5688
254/526-8204 facsimile

THE SNAPKA LAW FIRM
606 N. Carancahua Street, Suite 1511
Corpus Christi, Texas 78476
361/888-7676
361/884-8545 facsimile

By: /s/ Tom Harkness
    THOMAS R. HARKNESS (Attorney in charge)



# Whitehurst, Harkness,
### EXPERIENCED TRIAL LAWYERS
# Ozmun & Brees, PC

WILLIAM O. WHITEHURST, JR.*
THOMAS R. HARKNESS*
SCOTT OZMUN*†
EUGENE W. (CHIP) BREES, II*
SALLY STARNES METCALFE
MICHELLE M. CHENG
SYLVIA H. IMHOFF
JEFF EDWARDS

BOARD CERTIFIED-PERSONAL INJURY TRIAL LAW*
BOARD CERTIFIED - CIVIL APPELLATE LAW†
TEXAS BOARD OF LEGAL SPECIALIZATION

OCTOBER 9, 2008

MAILING ADDRESS:
P.O. BOX 1802
AUSTIN, TEXAS 78767

STREET ADDRESS:
1122 COLORADO STREET, 24TH FLOOR
AUSTIN, TEXAS 78701

TELEPHONE:   (512) 476-4346
TELEFAX:     (512) 476-4400
WEBSITE:     www.whoblaw.com

Chief, Litigation Division
Department of the Army
HDQA (DAJA-LT)
ATTN: LTCOL Kevin Robitille
901 North Stuart Street, Ste. 400
Arlington, VA 22203-1837

Commander
US Army Aviation and Missile Command
Attn: SFAE-AV-UH/L
Redstone Arsenal, AL 35898-5230

Re:   *Request pursuant to Chapter 7, AR 27-40 and Freedom of Information Act
       Crash of Blackhawk Helicopter - Kirkuk, Iraq
       22 Aug 07*

Dear Sirs:

Our office represents family members of fourteen servicemen killed in the crash of UH-60L, tail number 06-27077, on 22 Aug 07, near Kirkuk, Iraq. The Army's investigation of the accident concluded that the crash was caused by a failure of the tail rotor driveshaft. The Army concluded that a foreign object became lodged between the driveshaft and its housing, causing circumferential gouging and eventual failure of the driveshaft.

On behalf of our clients, we have filed a wrongful death lawsuit against L-3 Communications Vertex Aerospace, LLC ("Vertex") concerning the crash. Vertex contracted with the Army to provide maintenance on the accident helicopter. A copy of the Amended Complaint is enclosed, as Exhibit A. It contains the case caption and identification number. Vertex denies any responsibility for the crash.

We have attempted to draft the requests below to capture the information the parties believe are necessary to obtain the truth in this matter. Some of the requests are

**ATTACHMENT A**

10/09/08, Page 6

somewhat duplicative, but we want to make sure we have requested the information we need in a way that helps you identify what we are seeking.

Pursuant to AR 27-40, 32 CFR 516 and the Freedom of Information Act, our clients and Vertex jointly make this request for the following items or documents. Some of the items are only desired by one party, but the parties have decided to make a joint request in the interest of efficiency.

    a.    access to the Blackhawk wreckage, including the driveshaft and all other components that were retrieved from the accident scene for inspection and photography;
    b.    access to the spool of safety wire found at the wreckage site which was analyzed at the Corpus Christi Army Depot for inspection and photography;
    c.    All documents concerning the chain of custody of the wreckage of the subject helicopter and the safety wire spool described in the AR 15-6 investigation report;
    d.    TM 1-1520-237-PMD, in effect on 22 Aug 07;
    e.    TM 1-1520-237-PMS, in effect on 22 Aug 07;
    f.    TM 1-1520-237-PMI, in effect on 22 Aug 07;
    g.    TM 1-1520-237-23 Series Manuals, Aviation Unit and Intermediate Maintenance Manual, Helicopter UH-60, in effect on 22 Aug 07;
    h.    TM 1-1520-237-mtf;
    i.    TM 1-1520-237-10, Operator's Manual;
    j.    TM 1-1520-237-1, para 1-7-11;
    k.    TM-1-1520-237-23P;
    l.    TM 1-2840-248-23, in effect on 22 Aug 07, which contains para 1-159;
    m.    TM 55-2835-209-23;
    n.    The manual(s) containing all lubrication requirements for the UH-60L in effect on 22 Aug 07;
    o.    TM 11-5865-200-12;
    p.    All maintenance log books maintained on the accident helicopter, whether written or electronic;
    q.    All DA Forms 2408-13 from the accident helicopter;
    r.    DA Forms 2408-13-1 from the accident helicopter;
    s.    All DA Forms 2408-15 from the accident helicopter;
    t.    All DA Forms 2408-18; for the accident helicopter;
    u.    TM 1-500-328-23; in effect on 22 Aug 07;
    v.    DA PAM 738-751;
    w.    All records maintained in ULLS(A) or ULLS(A)SCP 6 on the accident helicopter;
    x.    TB 1-1520-237-20-266, dated 24 Feb 06;
    y.    All records not specifically listed above concerning maintenance performed on the accident helicopter during August 2007, including the PMI-1

|     |     |
| --- | --- |
|     | maintenance and all maintenance performed after the PMI-1, whether by the government or civilian contractor; |
| z.  | All records not specifically listed above concerning all maintenance test flights, other flights, and pre-flight or post-flight inspections of the accident helicopter during August 2007, whether by the government or civilian contractor; |
| aa. | All maintenance records identifying the mechanics (both government and civilian) who performed any other maintenance, testing or inspection of the subject helicopter during the time period that the PMI-1 inspection was being performed, and identifying the tasks they performed; |
| bb. | All maintenance records identifying the mechanics (both government and civilian) who performed any other maintenance, testing or inspection of the subject helicopter after the August 2007 PMI-1 inspection was completed, and identifying the tasks they performed; |
| cc. | All maintenance records identifying the mechanics (both government and civilian) who performed any maintenance, testing or inspection of the subject helicopter during 2007 prior to the August 2007 PMI-1 inspection began, and identifying the tasks they performed; |
| dd. | All pilot and flight logs or other records identifying the number of flights, type of flights and identification of pilots and crew chiefs who flew the helicopter following completion of the August, 2007 PMI-1; |
| ee. | All flight logs or other records identifying the number of flights, type of flights and identification of pilots and crew chiefs who flew the subject helicopter during August, prior to when the 2007 PMI-1 began; |
| ff. | Unredacted copies of all investigation reports (including all photographs - digital negatives or 8x10 glossies - or videotapes) concerning the crash. This includes the AR-15 investigation, the safety investigation, the collateral board investigation, and any and all other investigations of the crash; |
| gg. | The military personnel files and service files of the fourteen servicemen who were killed in the crash; |
| hh. | All contract documents with Vertex concerning maintenance on the accident helicopter that were in effect in August 2007; |
| ii. | The flight logs on the accident helicopter; |
| jj. | All transcripts and audio recordings of all radio communications or other communications originating from the crew and helicopters involved in the mishap mission of 22 Aug 07, including the communications from UH-60L, tail number 06-27077 and communications from Corry Tyler; and |
| kk. | All inventories of tools and toolboxes conducted on or by Army personnel on or by the Army mechanics who worked on the subject helicopter during August 2007. |
| ll. | All materials test reports and photographs generated by CCAD on the helicopter's parts and the spool of safety wire. |

10/09/08, Page 8

    The parties are requesting the above items in good faith and to advance discovery in their litigation. The parties need to see the wreckage and safety wire to better understand why the helicopter crashed and whether the safety wire had any role in the mishap. Additionally, the parties need to better understand who owned the safety wire or controlled the safety wire if the safety wire is involved in the cause of the mishap. The parties seek the various manuals to better understand how maintenance is conducted on the helicopter. Additionally, the helicopter's pilot apparently radioed that he had a caution light signaling a problem with the rear tail quadrant. We need to see what the manuals say about that caution light. We also need the maintenance records on the helicopter to better understand what maintenance was conducted on the helicopter, including other possible sources of FOD or instances where FOD should have been discovered by another party if it was in the helicopter. The photographs requested will help the parties better understand the wreckage and causes of the mishap. The military personnel files will help the parties understand the rank, income, and possible future career paths of the servicemen. The transcripts and audio recordings of the radio communications will help the parties better understand the timing and sequence of events leading up to the mishap. The Army's tool box inventory will be necessary to see what tools were being used around the helicopter and whether there are other sources of FOD that have not been identified by the parties.

    We recognize that the manuals listed above contain technical data on the UH-60 and cannot be exported or published. We also recognize that some of the above may not be appropriate for public release. We are willing to enter whatever protective orders are necessary to limit dissemination of this information to the attorneys, experts, and fact-finders in this case.

    Further, our clients and Vertex jointly request information concerning the identity, location and contact information for the following persons:

a. All military and contractor mechanics who performed or supervised maintenance on the accident helicopter during August 2007;
b. All military or civilian personnel who performed inspections of the accident helicopter during August 2007;
c. All pilots and flight crew members who flew the accident helicopter during August 2007; and
d. All military and civilian personnel who were interviewed and/or statementized in connection with any investigations of the crash, including the AR-15 investigation, the safety investigation, and the collateral board investigation.
e. The Commander and investigators who prepared the report and reached the conclusions contained in Exhibit B hereto.
f. The engineer, engineering technician, chemist, and Chief, Materials Engineering Branch, who prepared the report and reached the conclusions contained in Exhibit C hereto.

10/09/08, Page 9

We also jointly request access to all active duty personnel or contractors identified in a. through f. above for the purpose of taking their depositions for the lawsuit.

All parties to this lawsuit are depending on the cooperation of the Army as we conduct necessary discovery in the lawsuit. In order to expedite the discovery, it would be very helpful if the Army would designate someone to act as an Army liaison for the parties. Please let us know if this can be done and if so, who will be the assigned liaison for us.

Sincerely,

*/s/ Chip Brees*

Eugene W. (Chip) Brees


**On behalf of L-3 Communications Vertex Aerospace, LLC, I join in the above requests.**

*/s/ Jack Strauch*

---

Jack Strauch
Womble Carlyle Sandridge & Rice, PLLC
One West Fourth Street
Winston-Salem, NC  27101
(336) 721-3656
Attorney for Vertex

Enclosures
    Exhibit A – Amended Complaint
    Exhibit B – Attachment C to AR-15 report
    Exhibit C – CCAD report