UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PATRICIA MCLEAD, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. C-08-264 |
| L-3 COMMUNICATIONS VERTEX AEROSPACE, LLC, | § § § § | |
| Defendant. | § | |

## ORDER

On this day came on to be considered Plaintiffs' Objection to Defendant's Notice of Intention to Designate the United States of America and United States Army as Responsible Non-parties. (D.E. 55.) For the reasons stated herein, this Objection is OVERRULED.

**I.   Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, diversity of citizenship, as Plaintiffs and Defendant are completely diverse and the amount in controversy exceeds $75,000. (D.E. 50 at 4.)

**II.   Factual and Procedural Background**

This case arose following the crash of a Blackhawk helicopter near Kirkuk, Iraq on August 22, 2007, which resulted in the death of fourteen American servicemen. Plaintiffs, family members of those killed, brought suit against Defendant L-3 Communications Vertex Aerospace, LLC ("L-3"), alleging that during a maintenance procedure before the crash, an L-3 employee left a foreign object in the helicopter, which ultimately caused the helicopter to crash. (D.E. 50 at 5-6.)

Plaintiffs initially filed suit on August 7, 2008, bringing a claim for negligence. (D.E. 1.) They filed their most recent amended complaint, their Third Amended Complaint, on November 11, 2009. (D.E. 50.) On November 24, 2009, Defendant filed its Answer. (D.E. 51.) In paragraph 13 of its Answer, Defendant states as follows:

> "Vertex designates the United States, the United States Army as responsible nonparties if appropriate to do so under the law that ultimately applies to this matter, and Vertex incorporates its Notice Of Intention To Designate The United States of America And United States Army As Responsible Nonparties by reference, as if set forth herein in full." (D.E. 51 at 5.)

Plaintiffs filed their Objection on January 4, 2010. (D.E. 52.) Plaintiffs contend that they were served with a copy of Defendant's Notice of Intention on December 7, 2009. (D.E. 55.) Defendant did not file this Notice with the Court.

### III. Discussion

The doctrine of Feres immunity provides that "the Government is not liable under the FTCA for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Hayes v. U.S. on behalf of U.S. Dep't of Army, 44 F.3d 377, 378 (5th Cir. 1995); Feres v. U.S., 340 U.S. 135, 146 (1950).[1] In Stencel Aero Engineering Corp. v. U.S., the Supreme Court extended Feres immunity, holding that "the right of a third party to recover in an indemnity action against the United States . . . ,

---

[1] The Third Amended Complaint does not specify which jurisdiction's laws are applicable, and the parties have not briefed choice of law issues. (D.E. 50.) Because the alleged wrongdoing occurred mostly, if not entirely, on foreign soil, the applicable law is not clear at this time. The Texas Civil Practice and Remedies Code provides for designation of "responsible third parties," Tex. Civ. Prac. & Rem. Code § 33.004, but Defendant does not state whether its designation is being made pursuant to this law. To designate a responsible third party under Texas law, a defendant must file "a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date. . . ." § 33.004(a). Once filed, "[a] court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." § 33.004(f). If Texas law were applicable, this objection would be untimely, as it was made more than 15 days after service of the Notice. Because choice of law issues have not been resolved, and because the Court ultimately rejects this Objection, the Court does not address the timeliness issue at this point.

must be held limited by the rationale of Feres where the injured party is a serviceman." 431 U.S. 666, 674 (1977).  As the Fifth Circuit has explained, under the Feres-Stencel doctrine, "the United States is immune from liability to a government contractor for contribution or indemnity when a soldier has recovered against a government contractor for injuries partially caused by the negligence of the government."  Trevino v. Gen. Dynamics Corp., 865 F.2d 1474, 1478 n.3 (5th Cir. 1989).

Based upon the Feres-Stencel doctrine, Plaintiffs argue that Defendant's designation of the United States and U.S. Army as responsible nonparties would entitle Defendant to submit questions to the jury concerning the government's potential negligence, and the jury might reduce Defendant's liability to the extent it finds the government liable.  Plaintiffs contend that "such a procedure would be analogous to Defendant seeking indemnity from the Army," which is barred under Stencel. (D.E. 55 at 4.)  Plaintiff further argues that the rationale behind Feres and Stencel supports the conclusion that Plaintiff should not be allowed to designate the United States or U.S. Army as responsible non-parties. (D.E. 55 at 4-5.)

The Court disagrees with Plaintiffs' argument that designating the United States and U.S. Army as "responsible nonparties" is "analogous" to seeking indemnity.  First, Plaintiffs have cited no authority for this proposition, and the Court in its independent research has not discovered any case extending Feres-Stencel immunity to the designation of the United States as a responsible non-party.  Second, designation and indemnity are not analogous.  Under Texas law, for example, the responsible third-party designation does not by itself impose liability and has no preclusive effect on other proceedings. Tex. Civ. Prac. & Rem. Code § 33.004(i); Muniz v. T.K. Stanley, Inc., 2007

WL 1100466, at *3 (S.D. Tex. Apr. 11, 2007).  In fact, entities that are not subject to any legal liability may be designated as responsible third parties.  § 33.011(6).  As one court has explained, "[i]n Texas tort law, the 'responsible third party' is anything but. He is not really a 'party,' and he is not really 'responsible.' He has but one reason to exist: that is, to allow a liable defendant to avoid joint and several liability." Cortez v. Frank's Casing Crew & Rental Tools, 2007 WL 419371, at *2-3 (S.D. Tex. Feb. 2, 2007) (citing David W. Holman, Responsible Third Parties, 46 S. Tex. L. Rev. 869, 870 (2005)).  In light of the very different roles served by indemnity and third-party designation, as well as the lack of case law on this issue, the Court declines to extend Feres-Stencel immunity to prohibit Defendant from designating the United States and U.S. Army as "responsible non-parties."

In light of these considerations, the Court must overrule Plaintiff's Objection at this time.  If and when the substantive law applicable to this case is determined, the Court may reconsider the Objection in light of the choice-of-law determination.

**IV.     Conclusion**

For the reasons stated above, the Court OVERRULES Plaintiffs' Objection to Defendant's Notice of Intention to Designate the United States of America and United States Army as Responsible Nonparties.  (D.E. 55.)

SIGNED and ORDERED this 8th day of January, 2010.

_____
Janis Graham Jack
United States District Judge